FARMER, C.J.,
concurring specially.
I join in quashing the order disqualifying counsel — but not because it is pre mature. Actually, on the ground alleged it will never be mature. It is legally insufficient.
The sin of the disqualified lawyer was to file sworn statements — in his capacity as counsel for a judgment creditor armed with a writ of garnishment — that challenged the debtor’s claim that garnished funds are exempt from seizure. I don’t care how many depositions the debtor might take of the lawyer swearing that he really meant to challenge the exemption, his conduct cannot possibly entitle the debtor to get rid of the creditor’s lawyer— and especially not on the grounds that he has become a witness against him.
The role of the garnishor’s lawyer challenging a judgment debtor’s claim of exemption is the rough equivalent of the State Attorney’s Traverse to the defendant’s motion to dismiss the charges for legal insufficiency. The State Attorney has not thereby become a substantive witness against the accused, any more than any opposing lawyer becomes a personal adversary by saying “prove it.” And that is all this lawyer has done.[1]
He put the debtor to his proof that his property is exempt from the levying creditor. The sole effect of the lawyer’s filing was to require Foster to prove that the $1.3 million funds held in trust legally qualified as wages of a head of a household. Or that they are properly deemed retirement funds. Or that spendthrift clauses prevented garnishment. Or that the funds were entireties property. Or that they were otherwise jointly owned by a person not subject to the underlying judgment. In all, the debtor has the burden to show that under the law and facts he is entitled to the claim of exemption.
The creditor’s lawyer is certainly an adversary of the debtor but not disqualify-ingly so. If this court persists in implying that possibility by today’s holding of prematurity, we may be handing judgment debtors a powerful and unprecedented tool to postpone or even escape a creditor’s levy. And for no earthly reason, at that.
I would quash the disqualification outright and tell the judgment debtor that he does not have a veto over the creditor lawyer. As I said in Kusch v. Ballard, 645 So.2d 1035, 1036 (Fla. 4th DCA 1994) (Farmer J., concurring), disqualification “strikes at the heart of one of the most important associational freedoms that a person may have — the right to choose one’s own lawyer.”

. Section 77.041(3) says that "if the plaintiff does not file a sworn statement that contests the defendant’s claim of exemption" the claim of exemption is automatically deemed valid. There is nothing in the statute suggesting that the challenge must be based on facts as opposed to legal grounds. Thus the challenge is often done by the creditor’s lawyer because the creditor himself cannot be expect to have personal cognizance or knowledge of the legal basis for the challenge.